Alexander Del Giorno, J.
The claim herein was filed late by an order of this court dated November 30, 1962. The alleged false arrest occurred November 20, 1961. Later, a motion returnable May 4,1965, made by the State to preclude the claimant from offering testimony for failure to serve a bill of particulars was withdrawn on May 4, 1965. On the same day a motion for an examination before trial of the claimant was also withdrawn by the State. An order was made October 1, 1965, upon the nonappearance of the claimant’s attorney, precluding the claimant from offering testimony unless, within 30 days thereafter, a bill of particulars was served upon the State. On the same day, October 1, 1965, an order was made ordering an examination before trial of the claimant within 30 days after entry and service of a copy of the order. On December 20,1965, an order was entered herein, upon default of claimant’s attorney’s appearance, dismissing the claim, based on the failure of the claimant to appear for an examination before trial and refusal of the attorney for the claimant to produce the claimant for said examination.
The present motion has been made for an order to vacate the above order of dismissal and the prior orders of preclusion. The Attorney-General opposes the said motion.
It appears that since June, 1965, Joseph F. Soviero, Jr., Esq., has been acting as the trial attorney for James G. Blake, Esq., the attorney of record, and that thereafter all the papers above mentioned were served upon Mr. Soviero, rather than upon Mr. Blake, except the final order of dismissal dated December 20, 1965. Mr. Soviero explains that, even though he received all the notices served, he had assumed that that was a courtesy service upon him and that the oEce of James G. Blake also had *414 received copies of the notices and, for that reason, he took no step to review these matters with Mr. Blake.
The court has very little patience with either Mr. Blake or with Mr. Soviero, for it is of the opinion that they both have been very lax in their obligations not only to the Attorney-General, but to the court. However, the court cannot, in conscience, deny a day in court to the claimant because of the laxity of his lawyers, particularly because the Attorney-General should have served Mr. Blake, whereas he served Mr. Soviero, whose name does not appear in the records other than as the trial attorney.
The court will vacate the order of dismissal and will request the Attorney-General to prepare an order so that there will be no further excuses by either Mr. Blake or Mr. Soviero. The order shall specify that the order of dismissal dated December 20, 1965, is hereby vacated; that the case is placed on the Trial Calendar for trial disposition; that within 10 days after the filing of said order the claimant shall serve upon the Attorney-General a verified bill of particulars and that, if the Attorney-General so desires, within 20 days after the service of the order the claimant shall submit himself for an examination before trial at the office of the Attorney-General, 270 Broadway, New York, New York; and that the vacating of the order of dismissal is conditional upon the claimant’s complying with the above order and in the event that he fails to so comply with the requirements for the bill of particulars or said examination before trial, the order dismissing the claim dated December 20, 1965, shall remain in effect.
A copy of the order to be entered herein shall be .served upon both Mr. Blake and Mr. Soviero.