OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
We cannot say, as a matter of law, given the facts of this case, that it was an abuse of discretion for the courts below to require plaintiff to post a bond pursuant to CPLR 2701. Plaintiff sought under the provisions of CPLR 2701 to compel defendants to return his art works held by them in conjunction with the contractual relationship now in dispute. CPLR 2701 authorizes the court to “order personal property capable of delivery which is the subject of the action, paid into court, or delivered to such person as it may direct, with such security as the court shall direct, and subject to its further discretion if: * * * 2. a party has such property in his possession, custody or control and it belongs or is due another party, where special circumstances make it desirable that payment or delivery to such other party should be withheld”. Since the court found that “special circumstances” existed, it was within its discretion to require plaintiff to post a bond.
Plaintiff’s contention that the requirement of a bond transforms the court’s action into a de facto attachment is without merit. The greatest right this bond could be construed to afford to the defendants would be something analogous to a possessory lien. As this court has stated, it was not the lien itself, but the subsequent ex parte sale executed pursuant to that lien which violated the requirements of due process. (Sharrock v Dell Buick-Cadillac, 45 *618 NY2d 152.) Therefore, plaintiff is entitled to no greater due process than he received during the court’s consideration of his motion made pursuant to CPLR 2701.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed, with costs, etc.