■ MARION BARTELS, Appellant, v JOHN R. BARTELS, JR., Respondent.—In a matrimonial action in which the parties were divorced by a judgment which incorporated the provisions of a stipulation concerning, among other things, the distribution of marital assets, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered April 23, 1985, as, upon directing a hearing as to the issues raised by the plaintiff's motion to enjoin the distribution of the proceeds of

the sale of the marital residence and to place the same in escrow pending a judicial determination of the rights of the parties with respect thereto and the defendant's cross motion, *inter alia,* to confirm the sale, set the sum of $100,782.70 as the maximum amount to which the plaintiff could be entitled and directed the defendant to place that amount in escrow pending the determination of the hearing court.

Order modified, on the law, by deleting the provisions thereof which set the maximum amount of recovery to which the plaintiff could be entitled and directed the defendant to place that amount in escrow pending the determination of the hearing court and substituting therefor a provision directing the defendant to place the sum of $136,940.97 in escrow pending the determination of the hearing court. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The hearing directed by Special Term should be conducted with all convenient speed.

Although an order directing a judicial hearing to aid in the disposition of a motion does not affect a substantial right and is therefore not appealable as of right (CPLR 5701 [a] [2] [v]; *Devine v Devine,* 106 AD2d 487; *Bagdy v Progresso Foods Corp.,* 86 AD2d 589), the instant appeal is not dismissible on this basis. The portion of the order appealed from at bar placed a limitation on the hearing court as to the amount of recovery to which the plaintiff is entitled, as well as ordered the defendant to place a certain amount in escrow. As such, that portion of the order affects a substantial right, and is appealable as of right *(see,* CPLR 5701 [a] [2] [v]).

Furthermore, in this instance, it was an improvident exercise of discretion for Special Term to set a maximum limitation on the amount of the net proceeds of the sale of the former marital residence that the plaintiff may recover after finding that the papers submitted by the parties raised issues of fact "with respect to the liabilities incurred with respect to the sale of the marital premises". It also was an improvident exercise of discretion for the court to direct the defendant to put an amount in escrow that the defendant had agreed the plaintiff was entitled to, where the plaintiff reasonably alleged that she was entitled to substantially more. Therefore, we hereby direct the defendant to put into escrow that portion of the net proceeds of the sale of the former marital residence to which the plaintiff claims entitlement, namely, $136,940.97. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.