■ In the Matter of JOHN COLEMAN, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously annulled on the law, petition granted and respondents directed to expunge from petitioner's institutional records all references to the charge set forth in the misbehavior report dated June 5, 1986 and the hearing conducted thereon on June 11-12, 1986. Memorandum: In this proceeding transferred to our court pursuant to CPLR 7804 (g), petitioner, an inmate at the Attica Correctional Facility, seeks to set aside a determination made following a prison disciplinary hearing which found him guilty of extortion of other inmates. Petitioner claims the determination is not supported by substantial evidence.

The sole charge against petitioner was extortion in violation of prison rule 103.10. ("Inmates shall not bribe or extort or attempt to bribe or extort any person.") Accepting everything in the misbehavior report as true, it does not state facts sufficient to charge extortion in violation of prison rule 103.10.

It is true, as the Hearing Officer pointed out and petitioner acknowledged, that prison rule 103.20 prohibits inmates from accepting any type of compensation for doing work for other inmates. While there may be substantial evidence in this record that petitioner violated rule 103.20, he was not charged with such violation in the misbehavior report. (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Davis, JJ.