■ RUSSEL WATSKY et al., Appellants, v TOWN OF OSSINING PLANNING BOARD et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Ossining Planning Board, dated May 22, 1985, granting the application of the respondent St. Augustine's Church for a filling and grading permit and a subsequent determination of the respondent Town of Ossining Zoning Board of Appeals dated June 4, 1985, granting the application of St. Augustine's Church for the issuance of a special permit to expand its cemetery, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Green, J.), dated July 11, 1986, which granted the motion of St. Augustine's Church for renewal, and, upon renewal, vacated its order of February 25, 1986, which had granted the petition to the extent of annulling the determinations of the Zoning Board of Appeals and

the Planning Board and remitting the matter to those agencies for new determinations, and dismissed the proceeding as time barred.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The respondents raised in their respective answers that the proceeding should be dismissed due to the petitioners' failure to commence the proceeding within 30 days of the filing of the respective determinations of the Zoning Board of Appeals and the Planning Board of the Town of Ossining as required under Town Law § 267 (7) and § 274-a (3). Section 267 (7) and section 274-a (3) require that a CPLR article 78 proceeding be commenced within 30 days of the filing of each determination under review. In support of the petition were annexed the minutes of the June 4, 1985, meeting of the Zoning Board of Appeals at which the application of St. Augustine's Church for a special permit was approved. The face of the minutes bore a stamp of the town clerk indicating those minutes had been received on July 2, 1985. The petitioners also acknowledged that they had received notice of the determinations in issue in "early July, 1985".

The Supreme Court issued a decision and judgment dated February 25, 1986, which granted the petition to the extent of annulling the respective decisions of the Zoning Board of Appeals and the Planning Board and remitted the matter to the respondent agencies for new determinations.

The respondent St. Augustine's Church then moved for renewal annexing in support thereof an affidavit of the deputy town clerk of the Town of Ossining attesting to the filing dates of the determinations under review. The court granted renewal and, upon renewal, dismissed the proceeding as time barred. "While it is true that a motion for renewal generally should be based on newly discovered facts, this rule is not inflexible, and the court has discretion to grant renewal even upon facts known to the movant at the time of the original motion" (Esa v New York Prop. Ins. Underwriting Assn., 89 AD2d 865, 866). We believe that the Supreme Court properly considered the new proof submitted on renewal in the exercise of its discretion. The record established that the determinations in issue were made and the petitioners had notice of the same more than 30 days prior to the commencement of the CPLR article 78 proceeding. The additional proof of filing which was inadvertently omitted when the proceeding was

originally considered reaffirmed that the proceeding was untimely. Mollen, P. J. Thompson, Rubin and Spatt, JJ., concur.