■ NORMAN BLUMSTEIN, Appellant, v ERNEST MENALDINO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated July 16, 1987, which granted the defendants' motion for leave to renew their prior motion to dismiss and, upon renewal, vacated its prior order of November 12, 1986, denying the defendants' motion to dismiss and granting the plaintiff's cross motion for leave to amend the complaint, and ordered a hearing to determine whether personal jurisdiction had been obtained over the defendants.

Ordered that the order is affirmed, with costs.

An order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right *(see, e.g., Kromholz v Notey,* 121 AD2d 668; *Stewart v County of Nassau,* 120 AD2d 516; *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). The instant appeal from an order directing that a hearing be conducted is not dismissible on that basis, however, because the portion of the order which granted renewal and, upon renewal, vacated the court's prior order affects a substantial right and, therefore, is appealable as of right (CPLR 5701 [a] [2] [v]; *see, Bartels v Bartels,* 119 AD2d 714, 715).

We find that the Supreme Court properly exercised its discretion to grant renewal based upon new proof, i.e., the affidavits of the defendants. Although a motion for leave to renew should be based on newly discovered facts *(see, Watsky v Town of Ossining Planning Bd.,* 136 AD2d 634; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866), there are occasions where renewal may be granted upon the basis of facts known to the moving party at the time of the original

motion *(Watsky v Town of Ossining Planning Bd., supra,* at 635; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611, 614). The additional proof submitted upon renewal reaffirmed the allegation made by defense counsel on the original motion that the defendants did not reside at the address where service was made.

Moreover, we conclude that the Supreme Court properly considered the defendants' objection to personal jurisdiction despite the defendants' failure to raise it in the first instance in their notice of motion to dismiss made pursuant to CPLR 3211 or in their supporting affirmation. The plaintiff could not have been prejudiced by this technical defect in form because the defendants' papers submitted in opposition to the plaintiff's cross motion to amend his complaint and in reply to the opposing papers on the motion to dismiss specifically raised their objection to personal jurisdiction. The plaintiff also had and exercised the opportunity to respond to the defendants' objection. Thus, while the omission of this ground for dismissal would ordinarily constitute a waiver thereof *(see,* CPLR 3211 [e]; *Addesso v Shemtob,* 70 NY2d 689), under the present circumstances the Supreme Court properly entertained the defendants' objection *(see, Farkas v Tarrytown Lbr.,* 133 AD2d 251; *Russell v Trask Co.,* 125 AD2d 136, 138-139). Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.