■ In the Matter of the Estate of ANTHONY G. PISCIONERE, SR., Deceased. ANTHONY G. PISCIONERE, JR., Appellant; MARY A. CELENTE, Respondent.—In a proceeding to probate a will, the petitioner appeals (1) from an order of the Surrogate's Court, Westchester County (Brewster, S.), dated November 13, 1987, which deemed the objectant's motion to reargue the petitioner's motion to preclude the objectant from offering certain testimonial evidence a motion to renew, granted renewal, and, upon renewal, denied the petitioner's motion to preclude, and (2) from so much of an order of the same court,

dated November 20, 1987, as denied that branch of the petitioner's motion which was to direct the objectant to post a bond in the sum of $25,000, granted the objectant's cross motion for reargument, and upon reargument, reinstated the objectant's affirmative defenses numbered "First," "Second," "Third," and "Fifth".

Ordered that the orders are affirmed, with one bill of costs to the objectant, payable by the estate.

The testator died and left three daughters and a son as legatees under his will. Prior to his death he gave each of his children and his daughters' spouses a $25,000 gift and had the latter sign in terrorem agreements calling for the return of the gifts in the event he or she contested the will. The daughter of the testator, Mary Ann Celente, objected to the probate of the will, alleging fraud and undue influence on the part of her brother, the petitioner Anthony G. Piscionere, Jr., lack of execution, and lack of testamentary capacity. In order to prove the alleged fraud and undue influence, the objectant sought to call as witnesses her sister, Maria Del Tondo, and her brother-in-law, Glenn Del Tondo. In an order dated October 20, 1986, Mr. and Mrs. Del Tondo were ordered to appear for their depositions. They came to the courthouse but were advised by counsel that they did not have to answer any questions. The Surrogate found that the objectant's actions in failing to have her witnesses deposed constituted open disrespect and disregard for the court and granted the petitioner's motion to preclude the objectant from introducing the testimony of Maria and Glenn at trial. The objectant moved for reargument. The Surrogate, deeming the motion for reargument as one for renewal, held that Maria, Glenn and the objectant had received ineffective assistance of counsel, and that the affidavits of Maria and Glenn in support of the objectant's motion for renewal of the petitioner's motion to preclude their testimony indicated that serious questions involving fraud, forgery, and undue influence existed.

The court did not err in refusing to strike the objectant's affirmative defenses or in refusing to preclude the testimony of the objectant's witnesses. "While the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is generally a matter left to the sound discretion of the trial court *(see, Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892, 893), the penalty of [preclusion] for failure to disclose is extreme and should only be levied where the failure has been willful or contumacious *(see, Delaney v Automated Bread Corp.,* 110 AD2d 677, 678)" *(Stathoudakes v Kelmar Contr. Corp.,* 147

AD2d 690, 691). Additionally, in the context of CPLR 3126, a client should not be punished for the oversights of his attorney *(see, e.g., Laurie v State of New York,* 49 Misc 2d 413).

The petitioner's contention that the court erred in deeming the objectant's motion to reargue one to renew is without merit. "If a motion is based on new proof but is erroneously termed a 'reargument' motion, the mislabel will be ignored and the motion treated as one to renew" (Siegel, NY Prac § 254, at 314). "Although a motion for leave to renew should be based on newly discovered facts *(see, Watsky v Town of Ossining Planning Bd.,* 136 AD2d 634; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866), there are occasions where renewal may be granted upon the basis of facts known to the moving party at the time of the original motion *(Watsky v Town of Ossining Planning Bd., supra,* at 635; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611, 614)" *(Blumstein v Menaldino,* 144 AD2d 412, 413). The petitioner's argument that the affidavits submitted by Maria and Glenn "merely foreshadow facts which might be adduced" is without merit since this court has found that affidavits may constitute "new proof" sufficient to warrant granting renewal *(see, Blumstein v Menaldino, supra,* at 412).

Nor did the court err in reinstating the affirmative defenses and failing to require the objectant to post an undertaking in the amount of $25,000. The decision whether or not to require the objectant to post an undertaking was within the Surrogate's discretion (CPLR 2701 [2]; *cf., Costa v Fantasia Distrib. Corp.,* 55 NY2d 615), and there is no indication that that discretion was improvidently exercised. Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.