■ In the Matter of GEORGE KENNEDY, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services, dated April 17, 1985, which, after a Superintendent's hearing, found the petitioner to be in violation of disciplinary rules 103.20, 113.15, and 113.16, and imposed a penalty.

The proceeding was determined by a judgment of the Supreme Court, Westchester County (Ritter, J.), dated August 14, 1985, which granted the petition. The respondents moved for renewal, and, by order of the same court dated April 13, 1986, renewal was granted, the judgment was vacated, and the proceeding was transferred to this court for determination. The petitioner appeals, by permission, as limited by his brief, from so much of the order as granted renewal, and, upon renewal, vacated the judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and it is further;

Adjudged that the petition is granted, without costs or disbursements, to the extent that the determination is annulled and the respondents are directed to expunge any reference to these charges from the petitioner's institutional record.

There is no merit to the petitioner's contention that the court improperly considered the respondents' motion to renew. While such a motion is generally based upon the discovery of material facts which were unknown to the movant at the time of the original motion (see, *Brann v City of New York,* 96 AD2d 923), there is a well-settled exception to this rule as courts possess the discretion to grant renewal even upon facts known to the movant at the time of the original motion (see, *Canzoneri v Wigand Corp.,* 168 AD2d 593; *Hantz v Fishman,* 155 AD2d 415; *Blumstein v Menaldino,* 144 AD2d 412). In light of the reasonable excuse proffered by the respondents for their failure to adduce the omitted information prior to the time of the motion to renew, and in light of the absence of prejudice to the petitioner, the court properly exercised its discretion granting the motion to renew to further the interest of justice (see, *Matter of Bellman v McGuire,* 140 AD2d 262; *Watsky v Town of Ossining Planning Bd.,* 136 AD2d 634; *cf., Oremland v Miller Minuteman Constr. Corp.,* 133 AD2d 816, 818). Furthermore, having properly granted renewal,

there was no need for the court to hold an immediate trial, as the petitioner's allegation that the Corrections Officer presiding over his Superintendent's hearing was biased is a matter properly transferred for this court's review along with the substantial evidence question (see, Matter of Afrika v Edwards, 160 AD2d 1212; Matter of Segrue v City of Schenectady, 132 AD2d 270.

Turning then to these issues, we find no basis in the record to support the allegation that the Hearing Officer was unfit to preside over the petitioner's Tier III Superintendent's hearing due to his involvement in the investigation of fraudulent credit card purchases made by inmates in the petitioner's cell block. Indeed, in this regard the petitioner's contentions are squarely contradicted by the record. We are, however, persuaded that the respondents' findings of the petitioner's guilt of the administrative charges was not supported by substantial evidence as the respondents failed to prove that the National Pen Corp. Discount Club Card found in his possession was a credit card (see, 7 NYCRR 270.2 [B] [14] [vii]). Similarly, the respondents failed to establish that the petitioner solicited goods or services without authorization (see, 7 NYCRR 270.2 [B] [4] [ii]). Accordingly, as the petitioner's guilt of the charges was not established by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181), the respondents' determination must be annulled.

Finally, as the petitioner has already completed serving his administrative sentence, expungement of all reference to this matter from his prison records is the appropriate remedy (see, Matter of McDermott v Scully, 145 AD2d 421). Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.