■ In the Matter of PEDRO LAUREANO, Appellant, v JOHN P. KEANE, Respondent. [620 NYS2d 12] —In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Ossining Correctional Facility, dated October 8, 1991, which, after a hearing, found that the petitioner violated a rule of inmate conduct and imposed a penalty consisting of a seven day work detail, two hours per day, the

petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), entered July 15, 1992, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the respondent is directed to expunge from the petitioner's institutional record all references to the hearing and determination.

The petitioner admitted that, without seeking permission from prison authorities, he held another inmate's typewriter in his cell while the other inmate received an operation at an outside hospital. The sole charge against the petitioner was that he violated prison rule 113.15, which prohibits an inmate from purchasing, selling, loaning, or exchanging personally-owned articles without authorization. However, the respondent failed to establish that the petitioner purchased the typewriter or exchanged personally-owned articles for the typewriter (see, 7 NYCRR 270.2 [B] [14] [vi]). Rather, it appears that he was merely holding the typewriter for safekeeping. Accordingly, the petitioner's guilt of the charge was not established by substantial evidence, and the determination must be annulled (see, Matter of Kennedy v Coughlin, 172 AD2d 666, 667; see also, Matter of Coleman v Kelly, 134 AD2d 937).

In light of our determination, we need not reach the petitioner's remaining contentions. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.