In the Matter of BETTY C. TOGNINO, Deceased. JOHN TOGNINO, Appellant; ROBERT TOGNINO et al., Respondents. [930 NYS2d 46]—

The petitioner, John Tognino, commenced this proceeding to contest the validity of certain amendments to a living trust executed by the decedent, his mother, on the ground that the amendments were the product of fraud and undue influence. Under the trust agreement, as originally drafted, the trust estate, which included the decedent's home, was to be distributed equally to the decedent's sons—the petitioner and the respondent Robert Tognino (hereinafter Robert)—upon the decedent's death. However, the decedent executed an amendment in 2003 which provided for the distribution of two thirds of the trust estate to Robert and one third of the trust estate to the petitioner. In 2005, the decedent executed a second amendment, superseding the first, which provided that the trust estate was to be distributed to Robert upon the decedent's death. The second amendment also provided that Robert and his wife, the respondent Jill Stallone-Tognino (hereinafter Jill), were permitted to reside in the decedent's home for their natural lifetimes, and were to receive all proceeds from any sale of the home, minus $150,000, which was to be paid to the petitioner.

The respondents moved, in effect, to dismiss the petition as barred by the doctrine of res judicata pursuant to CPLR 3211 (a) (5) or, alternatively, for summary judgment dismissing the petition. The Surrogate's Court treated the first branch of the motion as being pursuant to CPLR 3211 (a) (7) and granted that branch of the motion, analyzing the petition as one to recover for fraud, and finding that the petition failed to plead fraud with sufficient particularity.

The Surrogate's Court erred in treating that branch of the respondents' motion as one pursuant to CPLR 3211 (a) (7) to dismiss the petition. The respondents did not identify (a) (7) as the paragraph under which their CPLR 3211 motion was made, and, significantly, did not argue in any of their papers that the petition failed to plead sufficient allegations or failed to plead fraud with sufficient particularity (cf. *Blumstein v Menaldino*, 144 AD2d 412, 413 [1988]). Concomitantly, the petitioner was

not given the opportunity to respond to such an argument, or to move to replead (*see McLearn v Cowen & Co.*, 60 NY2d 686 [1983]; *cf. Blumstein v Menaldino*, 144 AD2d at 413).

Moreover, even if a motion to dismiss pursuant to CPLR 3211 (a) (7) was properly before the Surrogate's Court, it was error to dismiss the entire proceeding, because the petitioner's allegations were sufficient to support a claim that the amendments to the decedent's living trust were invalid by virtue of undue influence. Although, as the court observed, the petition itself was conclusory, the petitioner submitted evidence that remedied the defects in the petition (*see Ryan v Cover*, 75 AD3d 502, 503 [2010]; *AAA Viza, Inc. v Business Payment Sys., LLC*, 38 AD3d 802, 803 [2007]). The petitioner's evidence in opposition to the motion alleged that the respondents made appointments for the decedent with attorneys in order to execute amendments to the living trust, which was originally drawn such that the trust estate would be distributed equally to Robert and the petitioner upon the decedent's death. Further, according to the petitioner, the decedent, who was approximately 81 and 83 years old, respectively, when the amendments were executed, and had a number of health problems, was living with the respondents, and many of the appointments with the attorneys were conducted at the decedent's home. The petitioner alleged that Jill threatened to leave Robert, who was disabled and unable to work, if the trust was not amended, thereby causing the decedent great agitation. The petitioner also submitted affidavits from various family members averring that this threat was made and that the decedent was generally intimidated by Jill. These allegations were sufficient to state a claim that the trust amendments were invalid by virtue of undue influence (*cf. Matter of Pellegrino*, 30 AD3d 522 [2006]; *Matter of Gerdjikian*, 8 AD3d 277 [2004]; *Matter of Itta*, 225 AD2d 548 [1996]).

Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Surrogate's Court, Nassau County, for a determination of the respondents' motion, which was, in effect, to dismiss the petition as barred by the doctrine of res judicata pursuant to CPLR 3211 (a) (5) or, alternatively, for summary judgment dismissing the petition. Skelos, J.P., Eng, Austin and Miller, JJ., concur.