Matter of Spicer v Spicer (2018 NY Slip Op 04550)





Matter of Spicer v Spicer


2018 NY Slip Op 04550


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07788
 (Docket No. V-5029-17)

[*1]In the Matter of Sandra P. Spicer, appellant,
v
Richard Spicer, respondent.


Sandra Stines, Westbury, NY, for appellant.
Michelle S. Stein, Garden City, NY, for respondent.
Maureen McLoughlin, Garden City, NY, attorney for the child.



DECISION & ORDER
In a proceeding to hold the father in contempt for violating an order of custody, the mother appeals from an order of the Family Court, Nassau County (Christopher Pizzolo, Ct. Atty. Ref.), dated July 21, 2017. The order, without a hearing, dismissed the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were divorced by a judgment entered June 16, 2009, which incorporated, but did not merge, a settlement agreement providing for joint legal custody of the parties' child, with the father to have primary residential custody. In an order entered February 15, 2012 (hereinafter the modification order), certain provisions of the settlement agreement were modified, but the parties continued to have joint legal custody, with primary residential custody to the father.
On June 5, 2017, the mother commenced this proceeding to hold the father in contempt for violating the joint custody provisions of the modification order. At the first court appearance, the father moved pursuant to CPLR 3211(a)(1) to dismiss the petition based on documentary evidence. At oral argument, he also informed the Family Court that another proceeding between the parties was pending before the Supreme Court, Nassau County, wherein they executed a custody modification agreement and submitted it to the Supreme Court to be so-ordered. After argument by the parties regarding the proceeding in Supreme Court, the Family Court indicated that it was going to dismiss the petition with leave to replead in the Supreme Court. In an order dated July 21, 2017, the Family Court dismissed the petition, without prejudice, for failure to state a cause of action, a ground not raised by either party. The mother appeals.
The Family Court should not have dismissed the petition on the ground that it failed to state a cause of action (see CPLR 3211[a][7]). The father's motion to dismiss the petition was not predicated on that ground, and the parties did not mention that ground in the oral argument before the court (see McLearn v Cowen & Co., 60 NY2d 686, 689; Matter of Tognino, 87 AD3d 1153, 1154-1155). Rather, the parties and the court discussed the fact that a related proceeding was pending between the parties in the Supreme Court (see Blumstein v Menaldino, 144 AD2d 412, 413).
As to the related proceeding, "[w]here there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211(a)(4) on [*2]the ground that there is another action pending" (Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG, 110 AD3d 783, 784; see Whitney v Whitney, 57 NY2d 731, 732; Stevens v Law Off. of Blank & Star, PLLC, 155 AD3d 917, 918; Dec v BFM Realty, LLC, 153 AD3d 497). Here, while the parties to both proceedings were identical, the relief being sought in each forum was clearly different. Thus, a dismissal of the petition on the ground of "prior action pending" would have been inappropriate (see CPLR 3211[a][4]; Ramsey v Ramsey, 69 AD3d 829, 832).
Nevertheless, we affirm the order appealed from, on the ground relied upon by the father in his motion to dismiss. In the petition, the mother sought to hold the father in contempt for taking the parties' child to a hospital for a psychiatric evaluation, and not informing her of the development until the next day. The modification order required joint decision-making for the child's medical treatments. An essential element for any finding of contempt is that the party alleged to be in contempt violated a lawful order of the court clearly expressing an unequivocal mandate (see Matter of Banks v Stanford, 159 AD3d 134). In this case, the lawful order was the modification order. However, the modification order contains no mechanism for the parties' joint decision-making process and does not set forth any time frame during which they must communicate with each other about the child's medical issues. Under these circumstances, the father did not violate any clearly expressed unequivocal mandate when he took the child for a psychiatric evaluation and thereafter notified the mother the next day. Further, it is uncontroverted that the father, upon learning from the child that he was suicidal, promptly texted the mother asking for a sit-down meeting. The mother refused this request and effectively forfeited her right to advance notice of the emergency hospital evaluation. Thus, based upon the documentary evidence submitted by the father, a contempt finding was unwarranted and the petition was properly dismissed (see CPLR 3211[a][1]; O'Brien v O'Brien, 115 AD3d 720, 723).
The mother's remaining contention, that the Family Court improperly failed to conduct a hearing, has been rendered academic by our determination.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court