■ CRONWALL EQUITIES, Respondent, v INTERNATIONAL LINKS DEVELOPMENT CORP., Defendant, and SIDNEY GOLDSTEIN,

Appellant. [679 NYS2d 676] —In an action to recover damages for breach of contract and fraud, the defendant Sidney Goldstein appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 19, 1997, which denied his motion, *inter alia*, to renew his motion, among other things, pursuant to CPLR 5015 (a) (3) to vacate so much of a judgment of the same court, dated November 13, 1995, as was against him upon his default in answering the complaint, which motion was denied by an order of the same court dated July 14, 1997, and (2) an order of the same court, also dated December 19, 1997, which, in effect, denied the plaintiff's motion to hold him in contempt.

Ordered that the appeal from the order dated December 19, 1997, which, in effect, denied the plaintiff's motion to hold the appellant in contempt is dismissed as abandoned, and upon the ground that the appellant is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order dated December 19, 1997, which denied the motion, *inter alia*, to renew is modified, as a matter of discretion, by deleting the provision thereof denying that branch of the motion which was to renew so much of the prior motion as sought to vacate so much of the judgment of the Supreme Court, Orange County, dated November 13, 1995, as was against the appellant, and substituting therefor a provision granting renewal, and thereupon granting the branch of the prior motion which was to vacate so much of the judgment as was against the appellant, and vacating the appellant's default in answering the complaint; as so modified, that order is affirmed, and the order dated July 14, 1997, and the judgment dated November 13, 1995, are amended accordingly; and it is further,

Ordered that the appellant's time to answer the complaint is enlarged until 30 days after the service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

The requirement that a motion for renewal be based upon newly-discovered facts is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion (*see, Karlin v Bridges,* 172 AD2d 644; *Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Under the circumstances of this case, the court should have exercised its discretion to grant the branch of the appellant's motion which was to renew his prior motion (*see, Karlin v Bridges, supra*), and, upon renewal, it should have vacated the judgment insofar as against the appellant and his

default in answering the complaint, and provided him with an extension of time to answer.

The appellant's remaining contention is without merit. Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.