■ J. D. STRUCTURES, INC., Appellant, v ARTHUR WALDBAUM et al., Respondents. [723 NYS2d 205] —In an action to recover on an instrument for the payment of money only brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated May 18, 2000, as denied the motion and granted that branch of the defendants' cross motion pursuant to CPLR 7503 which was to compel arbitration of the parties'

claims, and (2) so much of an order the same court, dated August 8, 2000, as denied his motion for reargument and renewal.

Ordered that the appeal from so much of the order dated August 8, 2000, as denied that branch of the appellant's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 8, 2000, is reversed insofar as reviewed, that branch of the plaintiff's motion which was for renewal is granted, upon renewal, the plaintiff's motion for summary judgment is granted, that branch of the cross motion which was to compel arbitration is denied, and so much of the order dated May 18, 2000, as denied the motion and granted that branch of the cross motion which was to compel arbitration is vacated; and it is further,

Ordered that the appeal from the order dated May 18, 2000, is dismissed as academic in light of our determination on the appeal from the order dated August 8, 2000; and it is further,

Ordered that the appellant is awarded one bill of costs.

The parties signed several contracts in which the appellant agreed to construct a food service facility for the respondent Bethpage Associates. Although the appellant performed the work required, Bethpage Associates failed to pay the full sums due under the contracts. The appellant commenced an arbitration proceeding. The parties thereafter signed a settlement agreement in which the respondents agreed that they were indebted to the appellant in the amount of $280,918, which was to be paid in weekly increments of $10,000 until the debt was satisfied. In consideration for payment of the outstanding debt, the appellant agreed to discontinue the arbitration, reserving the right to reinstate the arbitration in the event of the respondents' default. The settlement agreement also provided that in the event of a default, the entire amount then owed was immediately due.

The appellant moved for summary judgment in lieu of complaint pursuant to CPLR 3213 on the basis of the settlement agreement, and evidence that the respondents had defaulted in their payments. Although the respondents admitted their default, they cross-moved, *inter alia*, to compel arbitration. The Supreme Court denied the appellant's motion on the ground that it failed to submit evidence as to the amount the respondents owed. The Supreme Court granted so much of the cross motion as sought to compel arbitration.

In its motion, *inter alia*, for renewal, the appellant submit-

ted evidence of the amount the respondents owed under the settlement agreement, including an affidavit of its operations manager regarding the amount of the debt, and copies of checks from the respondents establishing the amount they had paid. The appellant's counsel explained that because the respondents had admitted their indebtedness, he thought he had made a prima facie showing, pursuant to CPLR 3213, that the settlement agreement was an instrument for the payment of money only and that there was a failure to make the payments called for by its terms. Therefore, in connection with the original motion the appellant had not offered further evidence (*see, Weissman v Sinorm Deli,* 88 NY2d 437, 444; *Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 154-155). Nevertheless, the court denied renewal because the new evidence presented was available at the time of the original motion.

While a motion to renew is generally based upon the discovery of material facts which were unknown to the movant at the time of the original motion (*see,* CPLR 2221 [e] [2]), the Supreme Court has the discretion to grant renewal even upon facts known to the movant at that time (*see, U. S. Reins. Corp. v Humphreys,* 205 AD2d 187; *Matter of Kennedy v Coughlin,* 172 AD2d 666). The purpose of CPLR 3213 is to provide a speedy and effective means of securing a judgment on claims that are presumptively meritorious (*see, Interman Indus. Prods. v R. S. M. Electron Power, supra,* at 154). The appellant established that the respondents failed to make the payments required by the settlement agreement, which is an instrument for the payment of money only. Accordingly, it is appropriate in this case to grant summary judgment pursuant to CPLR 3213, and the Supreme Court erred in denying the appellant's motion (*see,* CPLR 3213; *Gregorio v Gregorio,* 234 AD2d 512, 513; *Matter of Kennedy v Coughlin, supra*).

The Supreme Court also erred in granting that branch of the respondents' cross motion which was to compel arbitration, since the arbitration clause at issue is found in the settlement agreement and gives the right to compel arbitration solely to the appellant (*see, County of Westchester v Mahoney,* 56 NY2d 756, 758; *Matter of Town of New Castle v L'Eplattenier,* 236 AD2d 415). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.