■ ADRIENNE HART, Appellant, v CITY OF NEW YORK, Defendant, and BIG APPLE TESTING, INC., et al., Respondents. [772 NYS2d 574]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 23, 2002, as, upon renewal, adhered to a prior determination in an order of the same court (Lonschein, J.), dated December 11, 2000, granting the separate cross motions of the defendant Jersey Boring & Drilling Co., Inc., the defendants Big Apple Testing, Inc., and Big Apple Testing Laboratories, Inc., and the defendant Rossini Contracting Corp., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order dated October 23, 2002, is affirmed insofar as appealed from, with one bill of costs.

CPLR 2221 provides, among other things, that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). In the instant case, the material contained in the affidavits submitted by the plaintiff on her motion for leave to renew was not newly-discovered evidence, and the plaintiff failed to provide any reasonable justification for her failure to submit those affidavits in opposition to the original separate cross motions of the defendant Jersey Boring & Drilling Co., Inc., the defendants Big Apple Testing, Inc., and Big Apple Testing Laboratories, Inc., and the defendant Rossini Contracting Corp. for summary judgment dismissing the complaint insofar as asserted against each of them. "[R]enewal . . . 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Matter of Beiny,* 132 AD2d 190, 210 [1987]; *see Rubinstein v Goldman,* 225 AD2d 328, 328-329 [1996]). Thus, there was no basis to grant relief to the plaintiff upon her motion for leave to renew (*see Poulos v U-Haul Intl.,* 300 AD2d 644 [2002]). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.