■ LINDA O'DELL et al., Plaintiffs, and AIMEE L. O'DELL, Appellant, v COURTNEY P. CASWELL, Defendant, and CHARLES S. KELLEY III et al., Respondents. [784 NYS2d 603]—

In an action to recover damages for personal injuries, the plaintiff Aimee L. O'Dell appeals from so much of an order of the Supreme Court, Dutchess County (Tolbert, J.), dated October 22, 2003, as denied that branch of her motion which was for leave to renew that branch of a prior motion of the defendants Charles S. Kelley III and Superior Telephone, Inc., in which the defendant Christopher G. Murphy joined, which was for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which was granted by order of the same court dated March 31, 2003.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

A motion for leave to renew must be supported by new or additional facts "not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Rizzotto v Allstate Ins. Co.,* 300 AD2d 562 [2002]; *Williams v Fitzsimmons,* 295 AD2d 342 [2002]). A motion for "renewal 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Rubinstein v Goldman,* 225 AD2d 328, 329 [1996], quoting *Matter of Beiny,* 132 AD2d 190, 210 [1987]). The appellant failed to offer reasonable justification as to why the evidence proffered in support of her motion was not submitted at the time of the prior motion, inter alia, for summary judgment. Accordingly, that branch of the motion which was for leave to renew was properly denied (*see Malik v Campbell,* 289 AD2d 540 [2001]). Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.