■ Gregory Renna et al., Appellants, v Andrea Gullo et al., Defendants, and Chi Kin Leung et al., Respondents. [797 NYS2d 115]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated May 10, 2004, which denied their motion for leave to renew that branch of a prior motion of the defendants Chi Kin Leung and Chi K. Leung which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order of the same court dated July 14, 2003.

Ordered that the order is affirmed, with costs.

A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination," and must set forth a "reasonable justification for the failure to present such facts on the prior motion" (*see* CPLR 2221 [e]; *Yarde v New York City Tr. Auth.*, 4 AD3d 352 [2004]; *Riccio v DePeralta*, 274 AD2d 384 [2000]). While it may be within the court's discretion to grant renewal upon facts known to the moving party at the time of the original motion (*see J.D. Structures v Waldbaum*, 282 AD2d 434 [2001]; *Cronwall Equities v International Links Dev. Corp.*, 255 AD2d 354 [1998]), a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*see Rubinstein v Goldman*, 225 AD2d 328, 329 [1996] [internal quotation marks omitted]; *see also O'Dell v Caswell*, 12 AD3d 492 [2004]; *Hart v City of New York*, 5 AD3d 438 [2004]; *Carota v Wu*, 284 AD2d 614 [2001]). The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to renew as they failed to offer a reasonable justification as to why the allegedly new facts were not submitted earlier (*see Daria v Beacon Capital Co.*, 299 AD2d 312 [2002]; *Malik v Campbell*, 289 AD2d 540 [2001]; *Doumanis v Conzo*, 265 AD2d 296 [1999]). In any event, those facts would not have changed the prior determination. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.