■ MICHAEL LARDO, Appellant, v RIVLAB TRANSPORTATION CORP. et al., Respondents. [848 NYS2d 337]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Cullen, J.), dated July 6, 2007, which granted that branch of the defendants' motion which was for leave to renew their opposition to his prior motion for summary judgment on the issue of liability, which had been granted in an order dated February 28, 2007, and upon renewal, inter alia, vacated the order dated February 28, 2007, and directed that the note of issue and certificate of readiness be stricken and the action marked off the trial calendar.

Ordered that the order dated July 6, 2007 is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the defendants' motion which was for leave to renew is denied, and the order dated February 28, 2007 is reinstated.

"A motion for leave to renew is addressed to the sound discretion of the court" (*Matheus v Weiss*, 20 AD3d 454, 454-455 [2005]). A motion for leave to renew must be based upon "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and must contain "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Matter of Leyberman v Leyberman*, 43 AD3d 925 [2007]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]; *O'Connell v Post*, 27 AD3d 631 [2006]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]; *O'Dell v Caswell*, 12 AD3d 492 [2004]). A motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Matter of Weinberg*, 132 AD2d 190, 210 [1987]; *see Worrell v Parkway Estates, LLC*, 43 AD3d at 437; *Renna v Gullo*, 19 AD3d at 473; *O'Dell v Caswell*, 12 AD3d 492 [2004]).

Here, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was for leave to renew. While the defendants' submission of an

affidavit from the defendant Lloyd G. Forbes presented new evidence setting forth Forbes' version of the events surrounding the occurrence of the accident, their purported justification for failing to submit those facts in opposition to the prior motion was not reasonable (*see Beyl v Franchini*, 37 AD3d 505, 506 [2007]; *Perez v Muller Mach. Co., Inc.*, 19 AD3d 468, 468-469 [2005]; *Falkowitz v Peters*, 294 AD2d 330, 331 [2002]).

The remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.