■ ALEXANDER CORNELIUS, Plaintiff, and DAVID CORNELIUS, Respondent, v CINTAS CORPORATION et al., Appellants. [857 NYS2d 637]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens

County (Cullen, J.), dated June 21, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff David Cornelius on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff David Cornelius is granted.

The defendants met their prima facie burden of showing that the plaintiff David Cornelius (hereinafter David) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]). In opposition, David failed to raise a triable issue of fact.

The submissions of Leon Bernstein, David's treating orthopedic surgeon, were insufficient to raise a triable issue of fact. Bernstein's projections of permanent injuries and limitations had no probative value in the absence of a recent examination (*see Ali v Mirshah,* 41 AD3d 748 [2007]; *Marziotto v Striano,* 38 AD3d 623 [2007]; *Elgendy v Nieradko,* 307 AD2d 251 [2003]). Furthermore, although Bernstein's report provided range of motion findings, he failed to compare any of these findings to what is normal (*see Page v Belmonte,* 45 AD3d 825 [2007]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Fleury v Benitez,* 44 AD3d 996 [2007]), and he failed to acknowledge in his reports or affirmation that David was involved in a prior accident in which he injured his back and neck. As a result, Bernstein's conclusion in his report dated September 20, 2005, that the injuries and limitations in David's lumbar spine were caused by the subject accident, was speculative (*see Moore v Sarwar,* 29 AD3d 752 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The "updated narrative report" of Aron Goldman, one of David's treating physicians, was insufficient to raise a triable issue of fact. This medical report merely contained conclusory allegations tailored to meet statutory requirements (*see Slavin v Associates Leasing,* 273 AD2d 372 [2000]; *Zargary v Finisia Enters.,* 205 AD2d 683 [1994]). Furthermore, Goldman's conclusions that David sustained "significant limitations" in the use of the cervical and lumbar regions of his spine and his left knee as a result of the subject accident were speculative in light of

the fact that Goldman never acknowledged David's prior accident (*see Moore v Sarwar,* 29 AD3d 752 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]), and never addressed the findings of the defendants' examining radiologist who concluded that David suffered from degenerative conditions in his cervical spine, lumbar spine, and left knee that predated the subject accident (*see Giraldo v Mandanici,* 24 AD3d 419 [2005]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]; *Pajda v Pedone,* 303 AD2d 729 [2003]; *Ginty v MacNamara,* 300 AD2d 624 [2002]).

Moreover, neither David nor his treating physicians adequately explained the lengthy gap in his treatment between the time he stopped treatment in April 2004 and his most recent examination performed by Bernstein on August 31, 2005 (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Wei-San Hsu v Briscoe Protective Sys., Inc.,* 43 AD3d 916 [2007]; *Bestman v Seymour,* 41 AD3d 629 [2007]; *Albano v Onolfo,* 36 AD3d 728 [2007]).

The submission of David's magnetic resonance imaging reports merely established that, as of October and November 2003, he had a herniated nucleus pulposus at C5-6, bulging discs at C3 through C7, a linear meniscal tear of the posterior horn of the medial meniscus, and bulging discs at L3 through S1. The mere existence of a herniated or bulging disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]). No such objective medical evidence was submitted by David in opposition to the defendants' motion.

David also failed to set forth any competent medical evidence to establish that he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.