■ RENNE LEEBER, Respondent, v PATRICIA DONO WARD, Appellant. [865 NYS2d 614]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 3, 2008, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met her prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. While the affidavit of the plaintiff's treating chiropractor set forth significant range-of-motion limitations in the plaintiff's cervical and lumbar spine based on a recent examination, neither he nor the plaintiff proffered objective medical evidence that revealed the existence of limitations in her spine that were contemporaneous with the subject accident (*see Budhram v Ogunmoyin,* 53 AD3d 640 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]; *Borgella v D & L Taxi Corp.,* 38 AD3d 701, 702 [2007]).

The reports of the plaintiff's treating radiologist, Dr. Russell Weinstein, concerning the plaintiff's November 2004 cervical spine and lumbar spine magnetic resonance imaging films, failed to raise a triable issue of fact. Those reports merely noted that disc bulges were observed at C3-4, C5-6, C6-7, as well as at L4-5 and L5-S1. Dr. Weinstein did not, in his reports or his affirmations, offer his opinion on the cause of those findings (*see Collins v Stone,* 8 AD3d 321, 322 [2004]).

The self-serving affidavit of the plaintiff was also insufficient to raise a triable issue of fact as to whether she sustained a seri-

ous injury under the no-fault statute (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Fisher v Williams,* 289 AD2d 288, 289 [2001]).

The plaintiff also failed to set forth any competent medical evidence to establish that she sustained a medically-determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). The plaintiff's own deposition testimony established that she missed, at most, a month of full-time work as a result of the subject accident. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.