CARL WASHINGTON, Respondent, v ARIEL A. MENDOZA, Appellant. [871 NYS2d 336]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which occurred on March 17, 2002 (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The so-called "Certification" from the plaintiff's treating physician Dr. Gustave Drivas was insufficient to affirm the contents of any of the reports or records that were annexed thereto, including his own reports. Thus, the reports or records of Dr. Drivas, Dr. Deepak Sachdev, Dr. Bryan Douglas, and Dr. Valery Kalika were without any probative value since they were unaffirmed or unsworn (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). The same conclusion applies to the unaffirmed magnetic resonance imaging reports of Dr. Jeffrey Chess.

While the plaintiff proffered results of a recent examination by Dr. Joseph Paul, the plaintiff's examining orthopedic surgeon, in which objective testing revealed significant limitations in the range of the motion of the plaintiff's cervical spine, lumbar spine, and left shoulder ranges of motion, neither the plaintiff nor Dr. Paul proffered competent medical evidence demonstrating the existence of similar range of motion limitations that were contemporaneous with the subject accident (*see Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]).

The affirmed magnetic imaging reports of Dr. Robert Scott Schepp concerning the plaintiff's cervical spine and left shoulder merely revealed that as of March and April 2002, the plaintiff had disc bulges at C4-5, C5-6, and C6-7, as well as Grade III tendonitis of the distal, supraspinatus tendon of the left shoulder. The mere existence of a bulging disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Cornelius v Cintas Corp.,* 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]). The self-serving affidavit of the plaintiff was insufficient to meet this requirement (*see Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Hargrove v New York City Tr. Auth.,* 49 AD3d 692 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.