■ ORLANDO RAMIREZ, Appellant, v JAVED AKHTER KHAN, Respondent. [874 NYS2d 257]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered September 24, 2007, as denied that branch of his motion which was for leave to renew his opposition to the defendant's prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order entered April 24, 2007.

Ordered that the order entered September 24, 2007, is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to the defendant's motion for summary judgment (*see Renna v Gullo*, 19 AD3d 472 [2005]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Dinten-Quiros v Brown*, 49 AD3d 588 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]). While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the original motion (*see J.D. Structures v Waldbaum*, 282 AD2d 434 [2001]; *Cronwall Equities v International Links Dev. Corp.*, 255 AD2d 354 [1998]), a motion for leave to renew " 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Renna v Gullo*, 19 AD3d at 472, quoting *Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]; *see also O'Dell v Caswell*, 12 AD3d 492 [2004]; *Hart v City of New York*, 5 AD3d 438 [2004]; *Carota v Wu*, 284 AD2d 614 [2001]). In this case, the plaintiff failed to provide reasonable justification for the failure to include the affirmation of Dr. Robert Scott Schepp on the prior motion (*see*

*Renna v Gullo*, 19 AD3d at 472). In any event, that affirmation would not have changed the prior determination awarding summary judgment to the defendant (*id.*). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.