■ ALICIA MAGID et al., Respondents, v LINCOLN SERVICES CORP. et al., Appellants. (And a Third-Party Action.) [877 NYS2d 127]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 1, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Initially, the records and reports of Hamilton Medical Diagnostics were without any probative value since they were not properly sworn or affirmed (see Grasso v Angerami, 79 NY2d 813 [1991]; Luna v Mann, 58 AD3d 699 [2009]; Uribe-Zapata v Capallan, 54 AD3d 936 [2008]; Patterson v NY Alarm Response Corp., 45 AD3d 656 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Nociforo v Penna, 42 AD3d 514 [2007]; Pagano v Kingsbury, 182 AD2d 268 [1992]).

The respective affirmations of Laxmidhar Diwan and Emmanuel Hostin failed to raise a triable issue of fact since they clearly relied on the unsworn reports of others in coming to their conclusions (see Sorto v Morales, 55 AD3d 718 [2008]; Malave v Basikov, 45 AD3d 539 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Furrs v Griffith, 43 AD3d 389 [2007]; see also Friedman v U-Haul Truck Rental, 216 AD2d 266, 267 [1995]). While both Diwan and Hostin set forth findings that revealed the existence of significant limitations in each of the respective plaintiffs' range of motion, neither they nor the plaintiffs proffered competent admissible medical evidence that revealed the existence of significant limitations in the plaintiffs' ranges of motion that were contemporaneous with the subject accident (see Leeber v Ward, 55 AD3d 563 [2008]; Ferraro v Ridge Car

*Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

The magnetic resonance imaging reports of Stephen Veigh failed to raise a triable issue of fact. The mere existence of a herniated or bulging disc, or even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Washington v Mendoza*, 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d 583 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Diaz v Turner*, 306 AD2d 241 [2003]).

The plaintiffs failed to submit competent medical evidence that the injuries they allegedly sustained in the subject accident rendered them unable to perform substantially all of their usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.