■ MIRMODE GARRAUD NILES, Respondent, v LAM PAKIE HO et al., Defendants, and JACOB EXPRESS CAB, Appellant. [877 NYS2d 139]—

In an action to recover damages for personal injuries, the de-

fendant Jacob Express Cab appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 6, 2008, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Jacob Express Cab for summary judgment dismissing the complaint insofar as asserted against it is granted.

The appellant met its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a consequence of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury to her left knee, cervical spine, or lumbar spine, under the "permanent consequential limitation of use" and/or the "significant limitation of use" categories of Insurance Law § 5102 (d). The reports and records submitted by the plaintiff from AR Medical and Apex Chiropractic were without any probative value since they were unsworn or unaffirmed (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Luna v Mann,* 58 AD3d 699 [2009]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

The affirmed medical report of Dr. Harshad Bhatt did not raise a triable issue of fact as to whether the plaintiff sustained a serious injury to her left knee as a result of the subject accident. Dr. Bhatt examined the plaintiff on September 1, 2006, $1^{1}/_{2}$ years after the subject accident. The plaintiff failed to proffer any admissible objective medical evidence revealing the existence of significant range-of-motion limitations in her left knee that were contemporaneous with the subject accident (*see Washington v Mendoza,* 57 AD3d 972 [2008]; *Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]). Moreover, the plaintiff failed to proffer any objective medical evidence that showed that her left knee was the subject of a recent examination (*see Diaz v Lopresti,* 57 AD3d 832 [2008]; *Landicho v Rincon,* 53 AD3d 568, 569 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Young Hwan Park v Orellana,* 49 AD3d 721 [2008]; *Amato v Fast Repair Inc.,* 42 AD3d 477 [2007]). While

the magnetic resonance imaging (hereinafter MRI) report referable to the plaintiff's left knee dated May 16, 2005 revealed, inter alia, a tear of the medial and lateral menisci, the mere existence of a tear in a tendon is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Washington v Mendoza,* 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d at 1087; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]).

Likewise, the submissions of Dr. Aric Hausknecht were insufficient to raise a triable issue of fact. These submissions noted, among other things, range-of-motion findings with respect to the plaintiff's cervical and lumbar spine as of February 19, 2008. While Dr. Hausknecht noted the existence of recent significant limitations in the plaintiff's lumbar and cervical ranges of motion, neither he nor the plaintiff proffered admissible objective medical evidence revealing the existence of significant limitations in the plaintiff's cervical and lumbar spine that were contemporaneous with the subject accident (*see Washington v Mendoza,* 57 AD3d 972 [2008]; *Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]).

The MRI reports of the plaintiff's cervical and lumbar spine merely revealed evidence that as of May 16, 2005 the plaintiff had disc herniations at C4-5 and C5-6, as well as disc bulges at C3-4 and L4-5. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Luna v Mann,* 58 AD3d 699 [2009]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). The affidavit of the plaintiff was insufficient to meet this requirement (*see Luna v Mann,* 58 AD3d 699 [2009]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.