■ Rosa J. Caraballo et al., Appellants, v Moonho Kim et al., Respondents. [882 NYS2d 211]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Weiss, J.), entered May 14, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Rosa J. Caraballo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court entered August 6, 2008, which denied their motion for leave to renew their opposition to the defendants' prior motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court correctly determined that the defendants met their prima facie burden of showing that the plaintiff Rosa J. Caraballo (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The medical report of the injured plaintiff's treating chiropractor, Dr. Alan C. Berger, dated May 8, 2006, did not constitute evidence competent to oppose the defendants' motion because it

was unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Niles v Lam Pakie Ho*, 61 AD3d 657 [2009]; *Uribe-Zapata v Capallan*, 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]).

In any event, the affidavit of Dr. Berger failed to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury to her knees or spine as a result of the subject accident. While Dr. Berger set forth findings based on a recent examination of the injured plaintiff that revealed significant limitations in the ranges of motion of the cervical and lumbar regions of her spine, neither he nor the plaintiffs proffered competent medical evidence that revealed the existence of significant limitations in the cervical or lumbar regions of the injured plaintiff's spine that were contemporaneous with the subject accident (*see DiLernia v Khan*, 62 AD3d 644 [2009]; *Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]). It appears from Dr. Berger's affidavit that he did not even examine the injured plaintiff's knees.

The affirmation of Dr. Stuart I. Springer, the injured plaintiff's treating physician, also failed to raise a triable issue of fact. Dr. Springer examined the injured plaintiff's knees in September and November 2005, and concluded that the injured plaintiff had "good" range of motion in September 2005, but made no findings concerning the injured plaintiff's range of motion in November 2005. Thereafter, on April 3, 2008, Dr. Springer noted an insignificant limitation in the range of motion of the injured plaintiff's knees. Even if Dr. Springer had found the limitations to be significant under the no-fault statute, neither Dr. Springer nor the plaintiffs proffered any competent medical evidence that revealed the existence of any significant limitations in the injured plaintiff's knees that were contemporaneous with the subject accident. In fact, the only range-of-motion findings made contemporaneous with the subject accident by Dr. Springer showed that range of motion of the injured plaintiff's knees was "good."

The affirmed magnetic resonance imaging reports of Dr. Mark Shapiro and Dr. Marc Liebeskind merely revealed the existence of disc bulges at L3-4 and L4-5, a disc herniation at L5-S1, possible tears in the posterior horns of the medial menisci of the right and left knees, and a possible tear (rupture) of the anterior cruciate ligament in the left knee. This Court has held that a herniated or bulging disc, or even a tear in a tendon, is not evi-

dence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (see *Magid v Lincoln Servs. Corp.*, 60 AD3d 1008 [2009]; *Washington v Mendoza*, 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d 583 [2007]). A tendon is defined as "[t]he cord of tough connective tissue which forms the end of a muscle and which connects the muscle to the bone" (5-T-TG Attorneys' Dictionary of Medicine, at 974 [2005 ed]). Tendons "are bands of fibrous connective tissue" (5-15A Attorneys' Textbook of Medicine, at 15A.10 [3d ed]). A ligament is defined as "[a] band of tough but flexible tissue which serves to connect bones (as in the formation of a joint), to hold organs in place, etc." (3-L Attorneys' Dictionary of Medicine, at 2302 [2005 ed]). Ligaments, like tendons, are "bands of tough, fibrous connective tissue" (4-13 Attorneys' Textbook of Medicine, at 13.10 [3d ed]). Thus, injuries involving tendons and ligaments must be treated similarly under Insurance Law § 5102 (d). Evidence of the extent and duration of any alleged limitation arising from injury to the plaintiff's discs or ligaments was clearly lacking here. The deposition testimony of the injured plaintiff was insufficient to supply such evidence (see *Washington v Mendoza*, 57 AD3d 972 [2008]).

The plaintiffs failed to submit competent medical evidence that the injuries that the injured plaintiff allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (see *Washington v Mendoza*, 57 AD3d 972 [2008]; *Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to renew their opposition to the defendants' motion for summary judgment (see *Ramirez v Khan*, 60 AD3d 748 [2009]; *Renna v Gullo*, 19 AD3d 472 [2005]). A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see *Ramirez v Khan*, 60 AD3d 748 [2009]; *Dinten-Quiros v Brown*, 49 AD3d 588 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]). While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the original motion (see

*Ramirez v Khan*, 60 AD3d 748 [2009]; *J.D. Structures v Wald-baum*, 282 AD2d 434 [2001]; *Cronwall Equities v International Links Dev. Corp.*, 255 AD2d 354 [1998]), a motion for leave to renew " 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Renna v Gullo*, 19 AD3d at 472, quoting *Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]; *see Ramirez v Khan*, 60 AD3d 748 [2009]; *O'Dell v Caswell*, 12 AD3d 492 [2004]; *Hart v City of New York*, 5 AD3d 438 [2004]; *Carota v Wu*, 284 AD2d 614 [2001]). In this case, the plaintiffs failed to provide reasonable justification for the failure to include the findings in the supplemental affidavit of Dr. Berger on the original motion (*see Ramirez v Khan*, 60 AD3d 748 [2009]; *Renna v Gullo*, 19 AD3d 472 [2005]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.