JAMICE L. VICKERS, Respondent, v ROBERT A. FRANCIS et al., Defendants, and REDHA BENMEBROUK et al., Appellants. [883 NYS2d 77]—

In an action to recover damages for personal injuries, the defendants Redha Benmebrouk and Jose A. Negron appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated September 22, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

The appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Initially, the X ray report dated September 22, 2006, the

magnetic resonance imaging (hereinafter MRI) reports of Dr. Robert Diamond, the medical records from Alliance Medical Office, the plaintiff's emergency room and hospital records, and the reports of Dr. Nunzio Saulle dated August 31, 2006, and October 19, 2006, were not in admissible form because they were unsworn (*see Grasso v Angerami,* 79 NY2d 813, 814-815 [1991]; *McNeil v New York City Tr. Auth.,* 60 AD3d 1018 [2009]; *Sapienza v Ruggiero,* 57 AD3d 643, 644 [2008]; *Uribe-Zapata v Capallan,* 54 AD3d 936, 937 [2008]; *Choi Ping Wong v Innocent,* 54 AD3d 384, 385 [2008]).

The affirmed medical reports of Dr. Saulle were insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to her cervical or lumbar spine as a result of the subject accident. Neither the plaintiff nor Dr. Saulle proffered competent objective medical evidence revealing the existence of a significant limitation in either region of the plaintiff's spine that was contemporaneous with the subject accident (*see Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]). Furthermore, in reaching his conclusion in his affirmed medical reports, Dr. Saulle clearly relied on the unsworn MRI reports of Dr. Diamond (*see Magid v Lincoln Servs. Corp.,* 60 AD3d 1008 [2009]; *Sorto v Morales,* 55 AD3d 718 [2008]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). Moreover, Dr. Saulle failed to address, in any of his affirmed reports, the fact that the plaintiff injured her neck and back in a subsequent accident in October 2007. His failure to address that accident and the resulting injuries rendered speculative his conclusions that the range of motion limitations he noted in the plaintiff's cervical and lumbar regions after October 2007 were caused by the subject accident (*see Donadio v Doukhnych,* 55 AD3d 532 [2008]; *Seck v Minigreen Hacking Corp.,* 53 AD3d 608 [2008]).

Lastly, the plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.