■ PAOLO CIANCIO et al., Respondents, v DANIEL A. NOLAN, JR., Appellant. [885 NYS2d 767]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated November 19, 2008, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff Paolo Ciancio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of showing that the plaintiff Paolo Ciancio (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The limitations noted by the defendant's examining orthopedist concerning the injured plaintiff's left shoulder were insignificant (*see Casco v Cocchiola,* 62 AD3d 640 [2009]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs submitted, inter alia, the affirmation of the injured plaintiff's treating chiropractor Dr. Enrico Ferdico. While Dr. Ferdico concluded that the injured plaintiff's injuries were permanent, he failed to base his findings on a recent examination of the injured plaintiff (*see Diaz v Lopresti,* 57 AD3d 832 [2008]; *Carrillo v DiPaola,* 56 AD3d 712 [2008]; *Landicho v Rincon,* 53 AD3d 568, 569 [2008]; *Cornelius v Cintas Corp.,* 50

AD3d 1085 [2008]; *Young Hwan Park v Orellana,* 49 AD3d 721 [2008]; *Amato v Fast Repair Inc.,* 42 AD3d 477 [2007]).

Additionally, while the plaintiffs submitted medical evidence that the injured plaintiff suffered from, inter alia, herniated and bulging discs, as well as a tear in a tendon, those findings are not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Magid v Lincoln Servs. Corp.,* 60 AD3d 1008, 1009 [2009]; *Washington v Mendoza,* 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]).

The plaintiffs also failed to explain the essential cessation of the injured plaintiff's treatment after 2006 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Casco v Cocchiola,* 62 AD3d 640 [2009]).

Lastly, the plaintiffs failed to submit any competent medical evidence that the injuries sustained by the injured plaintiff rendered him unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.