■ ANGEL MORA, Appellant, v BARBARA J. RIDDICK et al., Respondents. [893 NYS2d 149]—

The Supreme Court properly determined that the defendants met their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. Initially, the medical reports submitted by Dr. Lauren Stimler-Levy, the plaintiff's treating physician, were unaffirmed and, thus, insufficient to raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Shaji v City of New Rochelle*, 66 AD3d 760 [2009]; *Maffei v Santiago*, 63 AD3d 1011 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657 [2009]; *Uribe-Zapata v Capallan*, 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). Additionally, while the plaintiff submitted medical evidence that he suffered from, inter alia, herniated and bulging discs, as well

as tendon tears, those findings are not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injuries and their duration (*see Ciancio v Nolan,* 65 AD3d 1273 [2009]; *Magid v Lincoln Servs. Corp.,* 60 AD3d 1008, 1009 [2009]; *Washington v Mendoza,* 57 AD3d 972 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085, 1087 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]).

The plaintiff also failed to set forth any competent medical evidence to raise a triable issue of fact as to whether he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary daily activities for 90 of the 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.