■ BORIS SIMANOVSKIY, Respondent/Counterclaim Defendant-Appellant, and NADEZHDA SIMANOVSKAYA, Respondent, v

Maria Barbaro et al., Appellants/Counterclaim Plaintiffs-Respondents. [899 NYS2d 324]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated April 23, 2009, as denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and the counterclaim defendant Boris Simanovskiy cross-appeals from stated portions of the same order.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendants' motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants, payable by the plaintiffs-respondents.

The defendants met their prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise an issue of fact.

Neither plaintiff offered competent medical evidence to demonstrate the existence of a significant range-of-motion limitation in the cervical or lumbar regions of their spines contemporaneous with the subject accident (see Bleszcz v Hiscock, 69 AD3d 890 [2010]; Caraballo v Kim, 63 AD3d 976, 977 [2009]; Niles v Lam Pakie Ho, 61 AD3d 657, 659 [2009]; Washington v Mendoza, 57 AD3d 972 [2008]; Magid v Lincoln Servs. Corp., 60 AD3d 1008 [2009]). Although the affirmations and affirmed medical reports of the plaintiffs' treating physician, Dr. Boris Dudelzak, found "decreased" range of motion in the cervical and lumbar regions of both plaintiffs' spines, he failed to quantify the results of his range-of-motion tests (see Barnett v Smith, 64 AD3d 669, 671 [2009]; Kuchero v Tabachnikov, 54 AD3d 729, 730 [2008]; Duke v Saurelis, 41 AD3d 770, 771 [2007]). Furthermore, the computerized range-of-motion tests referred to in Dr. Dudelzak's affirmations were not in admissible form because they were not affirmed by someone with personal knowledge of the facts (see Taylor v Flaherty, 65 AD3d 1328 [2009]; see also Luna v Mann, 58 AD3d 699, 700 [2009];

*Washington v Mendoza*, 57 AD3d 972 [2008]). Without admissible evidence of quantified range-of-motion limitations contemporaneous with the accident, the plaintiffs could not have established the duration of the injuries required to raise a triable issue of fact as to whether they sustained a serious injury under the permanent consequential limitation or significant limitation of use categories of the no-fault law (*see Kuchero v Tabachnikov*, 54 AD3d at 730; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

The affirmed magnetic resonance imaging reports of the plaintiffs' radiologist, which indicated that the plaintiff Boris Simanovskiy suffered from bulging cervical and lumbar discs, and that the plaintiff Nadezhda Simanovskaya suffered from a torn meniscus, also were insufficient to raise a triable issue of fact. The existence of bulging discs and torn ligaments is not evidence of a serious injury in the absence of objective evidence of the extent and duration of the alleged physical limitations resulting from these injuries (*see Casimir v Bailey*, 70 AD3d 994 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890 [2010]; *Mora v Riddick*, 69 AD3d 591 [2010]; *Caraballo v Kim*, 63 AD3d 976, 977-978 [2009]).

In light of our determination, the cross appeal has been rendered academic. Covello, J.P., Florio, Eng and Chambers, JJ., concur.