Appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 13, 2015. The order, insofar as appealed from, denied those branches of the plaintiff’s motions which were for leave to renew his opposition to those branches of the prior motions of the defendant James G. Kerrigan and the defendants Kue Lee Ching and Kwok C. Lau which were for summary judgment dismissing the complaint, which had been respectively granted in orders of that court dated December 22, 2014, and December 26, 2014, as amended February 10, 2015.
 

 Ordered that the order entered July 13, 2015, is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
 

 The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him in a motor vehicle accident. Thereafter, in an order dated December 22, 2014, and an order dated December 26, 2014, as amended February 10, 2015, the Supreme Court granted those branches of the separate motions of the defendant James G. Kerrigan and the defendants Kue Lee Ching and Kwok C. Lau which were for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff then moved, inter alia, for leave to renew his opposition to those branches of the defendants’ separate motions, submitting in support thereof and for the first time in this action an affidavit of his physician, who conducted a “recent” examination of him, an affirmation of a radiologist, and his own affidavit. The court denied those branches of the plaintiff’s motions which were for leave to renew. The plaintiff appeals.
 

 Contrary to the plaintiff’s contention, the Supreme Court providently exercised its discretion in denying those branches of his motions which were for leave to renew (see Ramirez v Khan, 60 AD3d 748 [2009]). A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]) and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [3]). While it may be within the court’s discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion (see Ramirez v Khan, 60 AD3d at 748; Heaven v McGowan, 40 AD3d 583, 586 [2007]; Gomez v Needham Capital Group, Inc., 7 AD3d 568, 569 [2004]), a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Fardin v 61st Woodside Assoc., 125 AD3d 593, 595 [2015]; Coccia v Liotti, 70 AD3d 747, 753 [2010]). Here, the plaintiff failed to provide reasonable justification for the failure to include his physician’s affidavit, the radiologist’s affirmation, and his own affidavit in opposition to those branches of the defendants’ prior motions which were for summary judgment dismissing the complaint (see Brightly v Dong Liu, 77 AD3d 874 [2010]; Barnett v Smith, 64 AD3d 669 [2009]; Caraballo v Kim, 63 AD3d 976 [2009]; Ramirez v Khan, 60 AD3d at 748-749). In any event, the plaintiff’s submissions in support of renewal would not have changed the prior determinations granting summary judgment to the defendants (see Renna v Gullo, 19 AD3d 472 [2005]).
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.