ALEX LIVIA, Respondent, v DAVID ATKINS et al., Appellants. [940 NYS2d 318]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Sher, J.), dated June 29, 2011,

which denied the motion of the defendant Beach & Bay Leasing Corp. for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the defendant David Atkins is dismissed, as he is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Beach & Bay Leasing Corp.

The defendant Beach & Bay Leasing Corp. (hereinafter Beach & Bay) met its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, his right shoulder sustained certain injuries. Beach & Bay submitted competent medical evidence establishing, prima facie, that the alleged injuries to the shoulder did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Ciancio v Nolan*, 65 AD3d 1273 [2009]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to his right shoulder constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Accordingly, the Supreme Court properly denied the motion of Beach & Bay for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31909(U).]**